# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00224-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOHN MICHAEL WARD (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is an "Application for a Writ of Habeas Corpus Seeking Release From Federal Custody" (Doc. 46) filed by *pro se* Defendant, John Michael Ward. The Court considers Ward's motion pursuant to 28 U.S.C. § 2255 as a motion to vacate, set aside or correct sentence.

In his motion, Ward seeks to vacate his sentence. Ward maintains that this Court lacks jurisdiction and his counsel was ineffective.

## PROCEDURAL HISTORY

On July 17, 2019, a federal grand jury returned a four-count indictment charging Defendant with production of child pornography.[1] Ward plead guilty to count one and two of the indictment charging him with production of child pornography in violation of 18 U.S.C. § 2251(a)[2] on November 19, 2019. Ward was sentenced to 360 months on each count to run consecutively.[3]

---

[1] Doc. 1.
[2] Doc. 23-25.
[3] Doc. 33.

## LAW AND ANALYSIS

Ward admitted that he "did on two occasions knowingly coerce a female minor to engage in sexually explicit conduct for the purpose of producing visual depictions." "The videos were recorded with a digital Sony camera, which had traveled into the Western District of Louisiana through interstate commerce."[4]

In a motion to vacate, set aside or correct sentence, a defendant may present four cognizable grounds, which include the following: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 f.2d 367, 368 (5th Cir. 1992) (*per curiam)*. "[A] collateral challenge may not do service for an appeal." *United States v. Grady,* 456 U.S. 152, 155 (1982). Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally because collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc).

---

[4] Doc. 25-2.

If claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors. *Placente,* 81 F.3d at 558 ("[A' defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error."); *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir. 1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."). Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States,* 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' or actual 'prejudice' . . . or that he is 'actually innocent.'").

*Ineffective assistance of counsel*

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on an ineffective assistance of counsel claim under the *Strickland* standard, a petitioner must show (1) counsel's performance was deficient, in

that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced him. *Id.* at 687. The court need not address the two *Strickland* prongs in any particular order, and the defendant's failure to satisfy one means the court need not consider the other. *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 669. *"Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter,* 562 U.S. 86, 110 (2011).

To show prejudice, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The court must consider the totality of the evidence. *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

Because the defendant pleaded guilty, all non-jurisdictional defects in the proceedings are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000). Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if

the plea is voluntary, there is no prejudice. *Deville v. Whitley,* 21 F.3d 654, 659 (5th Cir. 1994); *United States v. Williams,* 116 F. App'x 539, 540 (5th Cir. 2004) ("[T]he conviction must be upheld if the plea was voluntary, even if counsel provided ineffective assistance.").

To establish "prejudice" under *Strickland,* in the context of a guilty plea, the defendant must establish that absent his attorney's objectively unreasonable actions, the defendant would have proceeded to trial and would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. 52, 60 (1985); *Padilla v. Kentucky,* 559 U.S. 356, 372 (2010).

The attorney can not be ineffective for failing to raise a meritless claim. *Sones v. Hargett,* 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); *Koch v. Puckett,* 907 f.2d 524, 527 (5th Cir. 1990); ("[C]ounsel is not required to make futile motions or objections."); *Murray v. Maggio,* 736 F.2d at 283 ("Counsel is not required to engage in the filing of futile motions.").

Ward maintains that this Court lacks jurisdiction because he did not transport the digital camera or affect interstate commerce. He further maintains that 18 U.S.C. § 2251(a) is invalid because it goes beyond the scope of the commerce clause. Ward argues that the Government must show that (1) he intended to use the channels of interstate commerce for immoral and injurious purposes, or (2) his actions posed a threat to the instrumentalities of interstate commerce or person or things in interstate commers, or (3) the Defendant's activities substantially affected interstate commerce.

The Government maintains that Ward is procedurally barred because even if Ward's argument is "jurisdictional" in nature, he must establish the requisite cause and prejudice test. Ward appears to raise ineffective assistance of counsel as cause. The Government argues that because his claim has no merit, he cannot establish prejudice.

The Government notes that Ward's argument has been repeatedly rejected by the Fifth Circuit. *United States v. King,* 979 F.3d 1075, 1081 (5th Cir. 2020) (holding that the defendant's cell phone which was "manufactured outside the State of Texas" and had "traveled in interstate commerce" provided a "sufficient factual basis to satisfy the jurisdictional hook of § 2251); *United States v. Looney,* 606 F.App'x 744, 747 (5th Cir. 2015) (finding that to establish the "jurisdictional hook" as to Section 2251(a), the government need only show that "the camera used to produce the pornography was shipped into Texas from another state"); *United States v. Rivers,* 598 F.App'x 291, 202 (5th Cir. 2015) ("We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography where the materials used in the production were moved in interstate commerce."). See also *United State v. Dickson,* 632 F.3d 186, 192 (5th Cir. 2011) (The Government introduced evidence at trial that the Compact Disc which defendant used to download and preserve pornographic images was manufactured in the Republic of China. Defendant's conviction was affirmed as the court found that the offense was completed when the defendant produced pornography by copying it to a CD made in China. Since all that was required was production using "material which have been mailed or so shipped," the CD satisfied the jurisdictional hook.

Consequently, because Ward's claim is without merit, his attorney cannot be considered ineffective for failing to raise his meritless claim. Ward does not suggest, nor is there any indication that his plea was not voluntary.[5] Ward's plea agreement is entitled to "great evidentiary weights." *United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

Specifically, Ward posits that his actions did not introduce into the channels of commerce any immoral or injurious materials. In other words, the visual depictions were not transported or transmitted into interstate commerce via a computer or other device.

Ward is incorrect. The applicable jurisdictional hook in § 2252(a)(4)(B) relating to material involving the sexual exploitation of minors states, "produced using materials which have been mailed or so shipped or transported, by any means…" Additionally the applicable jurisdictional hook in § 2251(a) states, "produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer." Ward used a digital camera that had been mailed or shipped or transported to create pornographic material. As explained in *Looney*, Congress intended to exercise all of its power to regulate child pornography, including punishing purely local conduct so long as the minimal jurisdictional hook is satisfied.

In *U.S. v. Culver,* 598 F. 3d 740) (C.A. 11th Cir. Ala.), 402 Fed.Appx. 515, 2010 WL 2834900, *cert denied,* 131 S.Ct. 336, 562 U.S. 896, *post-conviction relief denied,* 2014 WL 6455145, *certificate of appealability denied,* the Court found Defendant's lack of

---

[5] Doc. 25.

jurisdiction argument unavailing and concluded that magnetic tape, which was manufactured in Japan and was a component of finished 8mm videotape assembled in Alabama, constituted "materials" within the meaning of the statute criminalizing production of child pornography by "using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce".

The Court finds that Ward's arguments that this Court lacks jurisdiction and that his counsel was ineffective are without merit. Accordingly,

**IT IS ORDERED** that the Application for a Writ of Habeas Corpus Seeking Release from Federal Custody (Doc. 46) considered by the Court as a § 2255 Motion is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 2nd day of July, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**